UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| TIDEWATER MARINE, LLC, TIDEWATER BOATS LIMITED AND TIDEWATER DE MEXICO S. DE R.L. DE C.V. | * * * * | CIVIL ACTION NO. _____ |
| VERSUS | * * | JUDGE _____ |
| UNITED TUGS, INC. | * | MAGISTRATE _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES**

The Complaint of TIDEWATER MARINE, LLC, TIDEWATER BOATS LIMITED and TIDEWATER DE MEXICO S. DE R.L. DE C.V. (hereinafter, collectively, "Tidewater"), with respect, represents:

1.

   a.   TIDEWATER MARINE, LLC is a limited liability company existing under the laws of the State of Louisiana and has as its domiciliary address 601 Poydras Street, 15th Floor, New Orleans, Louisiana 70130.

   b.   TIDEWATER BOATS LIMITED is a Cayman Islands company.

   c.   TIDEWATER DE MEXICO S. DE R.L. DE C.V. is a Mexican company.

2.

Tidewater, for and on behalf of their subsidiary, affiliated and joint venturer companies, was at all relevant times the owner, owner *pro hac vice*, and/or operator of the M/V GLEIXNER TIDE.

3.

At all times pertinent hereto, defendant, UNITED TUGS, INC., was a corporation existing under the laws of the State of Louisiana, having its domiciliary address at 183 United Tugs Road,

Belle Chasse, Louisiana 70073 and the owner, owner *pro hac vice*, and/or operator of the tugs, M/V ANGELICA E and M/V MISS BETH.

4.

This matter is brought pursuant to the General Maritime Law of the United States and is within this Honorable Court's admiralty jurisdiction, 28 U.S.C.A. § 1333, as the incident giving rise to this litigation occurred in navigable waters and bears a significant connection to maritime commerce. Tidewater asserts its claim(s) within the admiralty jurisdiction of this Honorable Court in accordance with Federal Rule of Civil Procedure 9(h).

5.

Venue is proper in this Honorable Court pursuant to 28 U.S.C.A. § 1391(b)(2) as the incident giving rise to the instant litigation occurred in the Atchafalaya River channel off the coast of St. Mary Parish, Louisiana near the Eugene Island Sea Bouy.

6.

On or about March 15, 2014, Tidewater's vessel, the M/V GLEIXNER TIDE, was being towed outbound in or around the Atchafalaya River channel by the M/V ANGELICA E, a tug owned and operated by defendant, UNITED TUGS, INC.

7.

The flotilla was being controlled and navigated by the M/V ANGELICA E as the "dominant mind"; Tidewater's vessel, the M/V GLEIXNER TIDE, was not under power and was dependent in all respects on the M/V ANGELICA E to safely navigate the flotilla through the channel.

8.

At some point, the M/V ANGELICA E lost control of its tow and caused the M/V

GLEIXNER TIDE to run aground on the west side of the channel.

9.

A second tug, the M/V MISS BETH, also owned and operated by defendant, assisted in re-floating the M/V GLEIXNER TIDE, after which the M/V GLEIXNER TIDE was returned to port, where it was discovered she had sustained significant damage as a result of the grounding.

10.

As a result of the incident, the M/V GLEIXNER TIDE had to be dry-docked for some time for repairs, as a further result of which the vessel incurred customer penalties and sustained lost charter hire until she could be put back into service on or about April 5, 2014.

11.

Defendant owed a duty, *ex delicto*, to Tidewater to use reasonable care and maritime skill in the towing of Tidewater's vessel, the M/V GLEIXNER TIDE, as would be expected of any prudent navigator employed for the performance of similar services, including but not limited to a duty to navigate defendant's towing vessels safely and properly and to use all reasonable skill, energy, care and diligence in performance of the tow in order to ensure and protect the care and safety of the vessels under tow.

12.

Additionally, Defendant had a duty to provide Tidewater a seaworthy tug, adequately powered, equipt, efficient and equal to the work to be performed with crew, tackle and equipment necessary and sufficient for the work to be performed.

13.

Finally, Defendant owed a duty, e*x contractu*, to Tidewater pursuant to the general maritime

law, including the warranty of workmanlike performance owed by tugs to vessels under tow, a warranty which is implied in all towage agreements.

14.

Defendant breached its duties in the towage of Tidewater's vessel by losing control of its tow, the M/V GLEIXNER TIDE, and/or by navigating the flotilla in such a way that caused Tidewater's vessel to run aground and sustain damage.

15.

Because Defendant's tug was the "dominant mind" of the flotilla, as Tidewater's vessel was under tow, not under power, and under the complete control and management of Defendant's tug, Defendant was charged with knowledge of the navigational conditions, including but not limited to knowledge of channels, depth of the water, obstructions, pipelines and other dangers which might confront her tow, and Defendant is solely responsible and/or strictly liable for the navigational negligence resulting in the grounding together with any and all damages thereby caused to Tidewater's vessel and/or resulting from the loss of use of said vessel, and Defendant's fault is *presumed* by operation of the "dominant mind" doctrine.

16.

In the alternative, and only in the event navigational negligence cannot be proven and/or Defendant is not strictly liable, Tidewater asserts that the accident and damages alleged are of the type that would not ordinarily have occurred had the proper care been exercised by Defendant's towing vessel; therefore, Defendant is liable to Tidewater under the doctrine of *res ipsa loquitur*.

17.

As a result of Defendant's negligence, breach of warranty, unseaworthiness, and/or fault of

any kind, Claimant has incurred and is entitled to recover damages, including but not limited to the following:

1) Diminution in market value of the M/V GLEIXNER TIDE;

2) Costs of necessary repairs to the M/V GLEIXNER TIDE;

3) Demurrage, loss of use and profits, plus interest, until the M/V GLEIXNER TIDE could be placed back into service;

4) Lost charter hire;

5) Customer penalties as well as any and all other liabilities to third parties arising out of this incident;

6) Reasonable expenses of removal and/or salvage of the M/V GLEIXNER TIDE, including dry-docking costs;

7) Expenses of crew wages, fuel, stores and provisions during repairs;

8) Surveyor's fees and reclassification expenses;

9) Overhead expenses; and

10) Any and all other damages, economic, consequential or otherwise, to which the law entitles Claimant.

**WHEREFORE**, TIDEWATER MARINE, LLC, TIDEWATER BOATS LIMITED and TIDEWATER DE MEXICO S. DE R.L. DE C.V. pray for judgment in their favor, over and against Defendant, UNITED TUGS, INC., in the full and true sum in amounts reasonable in the premises to be proven at the trial of this matter, plus costs of these proceedings and legal interest from the date of the incident, penalties and attorney's fees if applicable, and all other equitable and just relief.

Respectfully submitted,

MAHTOOK & LAFLEUR
(A Limited Liability Company)

    *S/CLIFFE E. LABORDE III*
CLIFFE E. LABORDE III (#08062)
MARC J. MANDICH (#35402)
600 Jefferson Street, Suite 1000
Post Office Box 3089
Lafayette, Louisiana 70502
Telephone:   (337) 266-2189
Facsimile:   (337) 266-2307

**COUNSEL FOR CLAIMANTS, TIDEWATER MARINE, LLC, TIDEWATER BOATS LIMITED AND TIDEWATER DE MEXICO S. DE R.L. DE C.V.**

**PLEASE SERVE:**

UNITED TUGS, INC.
Through its registered agent for service of process:
Emmett M. Eymard
377 LeVillage Dr.
LaRose, Louisiana 70374